STATE OF WEST VIRGINIA

*In re* S.F.

No. **17-1044** (Mingo County 17-JA-34)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.M. by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's October 20, 2017, order terminating her parental rights to S.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2017, the DHHR filed an abuse and neglect petition following the child's birth that alleged petitioner's parental rights to three older children were previously involuntarily terminated. The prior abuse and neglect proceedings that led to the involuntary termination of the parents' parental rights concerned issues of substance abuse, inadequate shelter, and sexual abuse by the father.[2] Petitioner thereafter waived her preliminary hearing. At that time, the circuit court ordered that petitioner undergo a psychological evaluation, but otherwise denied her services based on the presence of aggravated circumstances.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner and S.F.'s father both appealed the prior involuntary termination of their parental rights, and this Court affirmed the same in separate appeals. *See In re K.M., B.M., and P.F.*, No. 16-1173, 2017 WL 2609067 (W.Va. June 16, 2017) (memorandum decision); *In re P.F.*, 17-0062, 2017 WL 2628567 (W.Va. June 19, 2017) (memorandum decision).

In May of 2017, the circuit court held an adjudicatory hearing, during which the parties discussed the issue of whether petitioner was still in a relationship with the father following the prior abuse and neglect proceeding and the involuntary termination of their parental rights to older children. According to the DHHR, the parents indicated that they separated during the prior case but ultimately parented another child together. Moreover, medical records from S.F.'s birth indicated that the parents arrived at the hospital together. The DHHR also presented testimony from a Child Protective Services ("CPS") worker who indicated that the parents wavered on the issue of whether they were together. Ultimately, the circuit court found that petitioner abused and/or neglected the child.

In August of 2017, the circuit court held a dispositional hearing. Petitioner did not appear for the hearing, but was represented by counsel. The DHHR again presented testimony from a CPS worker who indicated that petitioner failed to appear for her psychological evaluation and also failed to submit to drug screens on three separate occasions. Based upon this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. Ultimately, the circuit court terminated petitioner's parental rights to the child.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because there was no evidence the child was abused, she was never offered services or an

---

[3]Additionally, the father's parental rights to the child were terminated below. The child remains in a foster home with a permanency plan of adoption therein.

improvement period, and the problems were correctable.[4] We find petitioner's arguments to be without merit. First, the record is clear that S.F. was abused and/or neglected. It is uncontroverted that petitioner's parental rights were previously involuntarily terminated, in part, upon her failure to protect the children from sexual abuse by the father in this matter. We have previously held as follows:

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49-6-1 to -12 (1998) [now West Virginia Code §§ 49-4-601 through 49-4-610]. Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49-6-5b(a) (1998) [now West Virginia Code § 49-4-605(a)] is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). Despite petitioner's assurances during the prior abuse and neglect proceeding that she was separating from the perpetrator of the sexual abuse, petitioner subsequently had another child with him. Moreover, the circuit court in this matter considered evidence of the parent's waiver on the issue of whether they were separated and the fact that they arrived at the hospital for the birth of S.F. together. Accordingly, it is clear that petitioner failed to remedy the problems from the prior abuse and neglect proceeding, as evidenced by her continued relationship with the father who sexually abused the older children.

Moreover, petitioner was not entitled to an improvement period or services in this matter, due to the presence of aggravated circumstances. This Court has routinely held that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements"). More importantly, West Virginia Code § 49-4-604(b)(7)(C) plainly states that

---

[4]In support of her assignment of error, petitioner also alleges that the evidence was insufficient to establish that she abused the children involved in the prior abuse and neglect matter. Because the order terminating her parental rights to the older children is not properly on appeal and was, in fact, previously affirmed by this Court, we decline to address this argument. *See In re K.M., B.M., and P.F.*, No. 16-1173, 2017 WL 2609067 (W.Va. June 16, 2017) (memorandum decision).

[f]or purposes of the court's consideration of the disposition custody of a child pursuant to this subsection, the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parental rights of the parent to another child have been terminated involuntarily[.]

Despite the fact that the DHHR was not required to provide services in this matter, the circuit court nonetheless ordered that petitioner be provided a psychological evaluation. The record shows that petitioner also received drug screening services. However, petitioner failed to comply with either of these services. Accordingly, we find no error in the circuit court's denial of an improvement period or additional services to petitioner prior to disposition.

Finally, we find no error in the circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. This finding was based, in part, upon petitioner's continued relationship with the father, in addition to the fact that she took no steps to remedy the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights to the older children. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child[.]" As set forth above, petitioner failed to follow through with the few services she was offered. The circuit court further found that termination of petitioner's parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. Accordingly, based on the foregoing evidence, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 20, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker